UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BERNARD HAMMOND,

    Plaintiff,

-vs-                                                          Case No. 8:10-CV-1557-T-30EAJ

SHEIFIELD ANDERSON, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court are Plaintiff's, a prisoner proceeding *pro se*, civil rights complaint (Dkt. 1), and motion to proceed *in forma pauperis* (Dkt. 2). Plaintiff brings this action against the Florida Agency for Workforce Innovation ("FAWI") and Sheifield Anderson ("Anderson"), a fraud investigator employed by the FAWI.

**Standard of Review**

Because Plaintiff filed this action against a governmental employee and entity while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental entity or employee has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

**Discussion**

A review of the applicable law and facts demonstrates that, for the following reasons, Plaintiff's complaint must be DISMISSED.

Plaintiff brings this action against FAWI and Anderson, alleging that they denied him due process and caused him to be falsely arrested and imprisoned when on September 11, 2007, Anderson mailed a notice of an allegation of unemployment compensation fraud to Plaintiff's former address instead of mailing the notice to his current address. Plaintiff alleges that as a result of Defendants' failure to provide him with the notice, he was arrested on July 14, 2008, and now faces criminal charges. For relief, Plaintiff asks this Court to enjoin both the Tenth Judicial Circuit Court, Highlands County, Florida, and the Twelfth Judicial Circuit Court, Sarasota County, Florida,"[in] all matters relevant to this cause of action..." (Dkt. 1 at pg. 15). Plaintiff also seeks monetary and declaratory relief (Id.).

It is apparent that Plaintiff seeks to have this Court intercede in his state criminal cases[1] on the basis that he was denied his constitutional rights. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .

---

[1] The Court takes judicial notice of information available on the Highlands County, Florida, Clerk of the Court's website, http://courts.hcclerk.org, which indicates that violation of probation proceedings are currently pending against Plaintiff in case number 91000090CFMA1. The Court also takes judicial notice of information available on the Sarasota County, Florida, Clerk of the Court's website, http://courtweb.co.sarasota.fl.us, which indicates that criminal proceedings are currently pending in which Plaintiff is charged with "fraud false statement - to obtain unemployment compensation" in case number 2008 CF 011675-NC. See Fed.R.Evid. 201.

> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted).

Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the *Younger* doctrine. *Green v. Jefferson County Commm'n*, 563 F.3d 1243, 1250 (11th Cir.), *cert. denied*, 130 S.Ct. 199 (2009).

There are three exceptions to the *Younger* doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*

*v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54). Plaintiff's complaint does not allege facts that support a finding that this case should be excepted from the application of the *Younger* doctrine. Therefore, the *Younger* abstention doctrine applies, and this Court will not interfere in Plaintiff's ongoing state criminal proceedings.

Further, the Court notes that Plaintiff may not maintain this action for damages against FAWI because a state agency is not a person within the meaning of 42 U.S.C. § 1983. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). The Eleventh Amendment bars a § 1983 action against a State and its agencies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief," unless the State or its agency has waived its Eleventh Amendment immunity or has demonstrated, through affirmative conduct, its consent to be sued in federal court. *Stevens v. Gay*, 864 F.2d 113, 115 & n.5 (11th Cir. 1989). The State of Florida has not waived sovereign immunity for § 1983 actions. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986)(citation omitted).

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The **Clerk** is directed to terminate any pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Plaintiff *pro se*